JOHN WETHERBEE, JR. *vs.* RICHARD MARTIN & another.

The assignee of an insolvent debtor may maintain an action in his own name upon a bond for the liberty of the prison limits, made to the insolvent after the appointment of the assignee, to obtain a release from arrest on an execution issued before such appointment, upon a judgment on a debt which would pass to the assignee by the assignment.

A minute upon a magistrate's book of a continuance of the examination of a poor debtor, not in the magistrate's handwriting, nor signed by him, and of which he has no independent recollection, is not sufficient evidence of a legal adjournment of the hearing.

ACTION OF CONTRACT, by the assignee in insolvency of John M. Way, upon a bond for the liberty of the prison limits, made to said Way by Richard Martin as principal and Jeremiah Martin as surety on the 27th of March 1855, after the arrest of Richard on an execution issued on the 12'h, on a judgment recovered against him ·by Way on the 7th of March.

21 *

At the trial in the superior court of Suffolk at May term 1856, before *Nash*, J., the defendants contended that Richard Martin had been duly discharged by taking the poor debtors' oath.

The plaintiff introduced an assignment to him from a commissioner of insolvency, dated March 8th 1855, of all the estate which Way had, or was interested in or entitled to, on the 10th of February 1855, being the date of the first publication of the notice of Way's insolvency, and before which the debt had accrued and been put in suit on which Richard Martin was committed.

The defendants contended that, as the bond declared on was given long after said assignment, the plaintiff had no interest therein, and could not maintain the action; and moved for a nonsuit. But the judge overruled the motion, and ruled that the plaintiff, as assignee, was entitled to sue on the bond in his own name.

A justice of the police court of Boston, who administered the poor debtors' oath to Richard Martin, being called as a witness for the defendants, testified " that he kept no record; but that it appeared from certain minutes on a loose piece of paper (copied into a poor debtors' book) that said Martin applied to him to administer the poor debtors' oath; that the parties appeared on the 27th of April 1855 at twelve o'clock, and the case was continued to May 4th at nine o'clock in the morning; and then there was an entry on said piece of paper, ' Con. May 7, 12 clk,' at which time the oath was duly administered and a certificate granted; that he had no independent recollection about the case, and could testify nothing except from this writing; that after reading said memorandum he had no independent nor any recollection; that he had no doubt the adjournment was duly and properly made; but that he had so many cases of the kind, he had to rely solely on such minutes; and that this minute was not made by him." And each of the other police judges testified that this minute was not in his own handwriting.

The judge instructed the jury " that these minutes of the magistrate were not evidence; that he might refer to them to

refresh his memory; but that as the magistrate, after examining them, had no recollection of the case, they could not be received as evidence, as they were not a record."

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*J. Field*, for the defendants.

*R. H. Dana, Jr.*, for the plaintiff.

DEWEY, J. The general rule is conceded, that the obligee in a bond is alone authorized to maintain an action thereon. But in the case of deceased persons, or those whose estates have passed into liquidation under bankrupt or insolvent laws, a modification of this rule exists. The principle of the rule is not disregarded, but the law allows the legal representative of the party to do those things which might in other cases be done by the obligee solely. Our statute of insolvency is very full and comprehensive in its terms, giving to the assignee all the property, real and personal, of the insolvent, and also all the like remedies to recover the debts and effects of the insolvent in the name of such assignee. *St.* 1838, *c.* 163, § 5. Under this provision, no question exists as to the right of the assignee to sue in his own name all choses in action of the insolvent that pass to the assignee, and to come in and prosecute in his name all actions pending in the name of the insolvent, that have reference to the assets for distribution.

In the present case, no question could be made of the right of the assignee to sue the bond in his own name, if it had been executed before the time of the first publication of the insolvency. The difficulty in the case arises from the fact that this bond was executed on the 27th of March 1855, and the relation of obligor and obligee between the parties to this bond arose after the party went into insolvency, and at a time when new debts to the insolvent, or contracts made with him, would not enure to the assignee for the benefit of the creditors.

Had this been in fact such new debt, accruing subsequently, and not available to the assignee for the benefit of creditors, the objection taken to maintaining the action in the name of any other person than the obligee would certainly defeat this

action. It then becomes important to ascertain the precise nature of the present action, and to decide to whom the avails of this bond belong, and also whether the assignee has, by any act of his, deprived himself of the right to institute a suit on the same in his own name.

It appears that the insolvent, John M. Way, at the time of the institution of the insolvent proceedings, on the 10th of February 1855, had an action pending for the recovery of a demand that would pass to his assignee, and that on the 7th of March judgment was rendered in that action in favor of said Way; which was necessarily so rendered, as at that time there was no assignee, and no person who could come in and prosecute the action, for the assignee was appointed on the 8th of March. Of this judgment, thus rendered, the assignee attempted to enforce payment by the ordinary process of execution, and arrest of the body of the debtor. The debtor, when arrested, applied for the benefit of the prison limits, as he had the right to do, and complied with the provisions of law in that respect by giving a proper bond to the judgment creditor. The bond was therefore properly given. But it was a bond in the name of Way to secure the surrender of a party arrested on an execution for a debt that passed to Way's assignee, and a claim that the assignee might enforce. A suit might have been brought on such judgment in the name of the assignee; and, as it seems to us, the debt being a part of the assets of the insolvent, to be administered by the assignee, any further legal processes that might be required, in consequence of the debtor's availing himself of the prison limits, to enforce payment of the same, may be issued in the name of the assignee.

The only other exception that was urged at the argument was to the ruling of the court, that the paper introduced as minutes of the magistrate, in the proceedings in reference to taking the poor debtors' oath, was not evidence. Confining ourselves strictly to the exception as presented, and without expressing any opinion upon the weight of the independent evidence, the court are of opinion that the paper offered was not evidence of an adjournment of the proceedings before the magistrate, as it

was not a record, nor a minute upon a docket which was after-wards to be extended into a record, nor a paper drawn up by the magistrate. *Exceptions overruled.*